REVERSED AND REMANDED.

THE other judges concur.

## IN RE FRED WALSH.

### FILED JUNE 30, 1893. No. 6035.

1. **Criminal Law**: CONVICTION OF SEVERAL OFFENSES: SEPARATE SENTENCE. Where a person has been convicted at the same term of court of several distinct offenses, each punishable by imprisonment in the penitentiary, whether charged in separate informations or in separate counts of the same information, the court may impose a separate sentence for each offense of which the prisoner has been found guilty.

2. ———: ———: ———. In such case the judgment should not fix the day on which each successive term of imprisonment should begin, but should simply direct that each successive term should commence at the expiration of the one imposed by the previous sentence.

3. ———: SEPARATE SENTENCE. If the same offense is charged in different counts of an information, and there is a conviction on each count, but a single sentence should be pronounced upon all the counts for the one entire offense.

4. ———: FORGERY: INFORMATION. An information which charges the forgery of an instrument and the fraudulently uttering of

the same instrument by the same person charges but one crime, and in case of conviction but one penalty can be inflicted.

5. ———: SEPARATE SENTENCE: HABEAS CORPUS. To an information containing two counts, one charging the petitioner with the forgery of a certain bank check, and the other with the uttering of the same instrument, a general plea of guilty was entered. Thereupon the court sentenced him upon the first count to imprisonment in the penitentiary for the period of one year from the 9th day of May, 1892, and upon the other count a like imprisonment was imposed for the term of one year from May 9, 1893. By good conduct the petitioner saved two months of his first sentence, and having served out the term under such sentence, he applied for his release on *habeas corpus*. *Held*, That the second sentence was illegal and void, and that he was entitled to be discharged from further imprisonment.

ORIGINAL application for writ of *habeas corpus*.

*Walter A. Leese*, for petitioner.

*George H. Hastings, Attorney General*, for the state.

NORVAL, J.

At the May term, 1892, of the district court of Douglas county, the county attorney filed in said court an information against the petitioner, Fred Walsh, which contained two counts; the first of which charges that the petitioner on the 12th day of April, 1892, at the county of Douglas, unlawfully and feloniously did falsely make, forge, and counterfeit a certain bank check calling for the sum of $45.60, with intent to defraud. A copy of the instrument is set out in the information. The second count charges the petitioner with feloniously uttering and publishing as true and genuine the said false, forged, and counterfeit bank check described and set out in the first count, he at the time knowing the same to be false, forged, and counterfeited. Subsequently, at the same term, the petitioner was arraigned on the information and he entered a general plea of guilty. He was thereupon sentenced by the court upon

the first count to confinement in the penitentiary at hard labor for the period of one year from and after the 9th day of May, 1892, and upon the second count a like imprisonment was imposed for the term of one year from May 9, 1893. By good conduct the petitioner has saved two months of his first sentence, and having served out the term under the first sentence, he, on the 10th day of March, 1893, presented to this court his petition for discharge on *habeas corpus*, on the ground that the second sentence is illegal and void. At the hearing the writ was allowed.

The contention of counsel for the petitioner is that the power to inflict cumulative sentences does not exist, unless expressly conferred by statute, and as there is no legislative enactment in this state authorizing cumulative sentences, such sentences in felony cases are illegal. The following authorities are cited to sustain the doctrine: *People, ex rel. Tweed, v. Liscomb,* 60 N. Y., 559; *Miller v. Allen,* 11 Ind., 389; *Kennedy v. Howard,* 74 Id., 87; *Prince v. State,* 44 Tex., 480; *James v. Ward,* 2 Met. [Ky.], 271; *Lamphere's Case,* 61 Mich., 105; *Bloom's Case,* 19 N. W. Rep. [Mich.], 200. But in our opinion the great weight of authority is in favor of the proposition that upon conviction of several offenses charged in separate indictments, or in separate counts of the same indictment, the court has power to impose cumulative sentences. See Wharton, Crim. Pl. & Pr., sec. 910; Bishop, Crim. L., sec. 953; *Kite v. Commonwealth,* 11 Met. [Mass.], 581; *Mims v. State,* 26 Minn., 498; s. c., 5 N. W. Rep., 355; *State v. Smith,* 5 Day [Conn.], 175; *Petition of McCormick,* 24 Wis. 492; *In re Fry,* 12 Wash. Law Rep. [D. C.], 388; *Ex parte Hibbs,* 26 Fed. Rep., 421; *State v. Robinson,* 40 La. Ann., 730; *Parker v. People,* 21 Pac. Rep. [Col.], 1120; *Mills v. Commonwealth,* 13 Pa. St., 631; *Brown v. Commonwealth,* 3 S. & R. [Pa.], 273*; *Russell v. Commonwealth,* 7 S. & R. [Pa.], 489*; *Williams v. State,* 18 O. St., 46; *Eldredge v. State,* 37 Id., 191; *Bolun v. People,* 73 Ill.

488; *Stack v. People,* 80 Id., 32; *Johnson v. People,* 83 Id., 431; *Fitzpatrick v. People,* 98 Id., 269.

The leading case sustaining the position that cumulative sentences are void, is *People, ex rel. Tweed, v. Liscomb,* 60 N. Y., 559, cited by counsel for the petitioner, and the doctrine there enunciated has been frequently criticised by law writers and jurists, and the courts generally have refused to follow it as a precedent. Although there is no statutory provision in this state which authorizes a court to sentence a person convicted of a crime to imprisonment for a term to commence at the expiration of another term specified in a previous sentence, yet, inasmuch as the statute does not in terms require sentences of imprisonment to commence *in præsenti,* we are persuaded that the power necessarily exists to make the term of imprisonment imposed by a sentence commence at the expiration of another, else where a person is convicted at the same term of court for several distinct offenses charged in the same or in different informations or indictments, the court could pronounce a sentence of imprisonment upon one conviction only, and judgments in the other convictions would have to be postponed until the expiration of the sentence in the other case. We are unwilling to adopt the construction contended for by the petitioner's counsel.

The supreme court of Ohio, in *Williams v. State, supra,* in passing upon a similar question, say, "To hold that where there are two convictions and judgments of imprisonment at the same term both must commence immediately, and be executed concurrently, would clearly be to nullify one of them. To postpone the judgment in one case until the termination of the sentence in the other would, if allowable, be attended with obvious inconvenience and expense, without any correspondent benefit to the convict. There is nothing in the statute requiring this, and it is not to be construed so as to defeat or impede the execution of its own provisions as to the punishment of

crimes. We think, both upon principle and the weight of authority, that we are required to hold that it is not error, upon a conviction in a criminal case, to make one term of imprisonment commence when another terminates."

This court has held that, where a person has been convicted of several distinct misdemeanors, it is proper for the court to impose a separate sentence upon each offense of which the defendant is found guilty (*Burrell v. State*, 25 Neb., 581); and we know of no reason why the same rule should not apply in convictions for felonies.

Where a cumulative sentence is imposed in case a person is convicted of several distinct offenses, the judgment should not fix the day on which each successive term of imprisonment should commence, but should direct that each successive term should begin at the expiration of the previous one (*Johnson v. People*, 83 Ill., 431); and this for the obvious reason that the prior term of imprisonment may be shortened by the good behavior of the defendant, by executive clemency, or by a reversal of the judgment. In which event, the succeeding sentence would then take effect, in case it provided that the term of imprisonment should commence at the termination of the previous one. It will be observed that the second sentence in the case we are considering did not so provide, but specified that the term of imprisonment should begin on May 9, 1893. By the good conduct of the petitioner his first term of imprisonment was, under the statute, cut down to ten months, so that his first term had ended, and his second term had not commenced when the writ of *habeas corpus* was granted in this case, or when the prisoner was ordered discharged on the writ issued herein.

There is another reason why the imprisonment of the petitioner was illegal. The information, although it contains two counts, charges but a single offense, yet the accused has been sentenced to two separate terms of imprisonment, one term for falsely making a bank check, and another term for

fraudulently uttering the same instrument.   From the in-formation itself it appears that the check described in the second count as having been fraudulently uttered by the petitioner was the same instrument as that described in the first count as having been forged by him.   Both acts were parts of the same transaction, and constituted but one crime, and the court had no power to impose separate sen-tences upon each count.   Wharton, Criminal Pl. & Pr. [9th ed.], sec. 251, states the rule thus: "Where a statute makes two or more distinct acts, connected with the same transac-tion, indictable, each one of which may be considered as representing a phase in the same offense, it has in many cases been ruled that they may be coupled in one count. Thus, setting up a gaming table, it has been said, may be an entire offense; keeping a gaming table, and inducing others to bet upon it, may also constitute a distinct offense; for either, unconnected with the other, an indictment will lie.   Yet, when both are perpetrated by the same person at the same time, they constitute but one offense, for which one count is sufficient, and for which but one penalty can be inflicted."   The above doctrine is abundantly sustained by the authorities. (*Johnston v. Commonwealth*, 85 Pa. St., 54; *In re Snow*, 120 U. S., 274; *Woodford v. State*, 1 O. St., 427; *Hinkle v. Commonwealth*, 4 Dana [Ky.], 513; *Commonwealth v. Eaton*, 15 Pick. [Mass.], 273; *Devere v. State*, 5 O. Ct. Court, 509; *State v. Egglesht*, 41 Ia., 574.) In the last case the supreme court of Iowa decided that where a person at the same time and as part of the same transaction passed four forged checks, he was guilty of but one offense, and that there could not be a separate convic-tion for uttering each instrument. (See *State v. Hennesy*, 23 O. St., 339; *State v. Benham*, 7 Conn., 414.)

The precise question we are considering was passed upon in the case of *Devere v. State, supra*.   That was a prosecu-tion for forgery before the court of common pleas, the in-dictment containing two counts, one charging the defendant

with the forgery of a promissory note, and the other with the uttering of the same instrument. A verdict of guilty was rendered on both counts, and she was sentenced by the court to confinement in the penitentiary for five years under the first count, and a like term under the second count, the last term to commence at the expiration of the first. She prosecuted error to the circuit court, where it was held under a statute relating to forgery, almost like our own, that the falsely making and the fraudulent uttering of the same instrument by the same person constitute a single offense and subject the guilty party to but one penalty. Bentley, J., in delivering the opinion of the court, says: "Upon a careful consideration of the authorities our conclusion is, that it satisfactorily appears from the record that in falsely making and fraudulently uttering the instrument set out in the indictment, the accused committed but one offense; that the 'making and uttering' of the same instrument by the same party were, in contemplation of law, connected and consecutive parts of but one transaction, and became and were so merged as to render the accused guilty of the crime of forgery, but not of having committed a double crime under the statute. It results that this double sentence, imposed as before stated, was without authority of law, and the judgment pronouncing such sentence must be reversed, and the cause remanded to the court of common pleas for judgment and sentence upon the verdict of the jury as for a single offense pursuant to law."

There can be no doubt of the soundness of the doctrine stated in the foregoing quotation. Where the different counts in an information charge the same offense, in case of a conviction on each count the rule is to render a single sentence upon all the counts for the one entire offense. It follows from these views that the imprisonment of the prisoner was unlawful, and that he should be discharged.

PRISONER DISCHARGED.

THE other judges concur.