ALFRED C. GRIFFEN v. STATE OF NEBRASKA.

FILED NOVEMBER 7, 1895.   No. 6135.

1. **Criminal Law:** FORGERY: UTTERING FORGED NOTES: INFORMATION: SENTENCE. Where a verdict of guilty is' responsive separately to each of two counts of an information, which counts together charge but one crime, such a verdict should, in entering judgment upon it, be treated as though both elements of the crime had been embraced in a single count.

2. ———: ERROR IN ENTERING JUDGMENT: REVIEW: PRACTICE. Where there is found no error in the record, except an irregu-

larity in entering judgment upon the verdict, a cause will be re-
manded to the district court with instructions to enter judgment
on the verdict in the manner prescribed by law.    Following
*Dodge v. People*, 4 Neb., 220.

ERROR to the district court for Douglas county.  Tried
below before SCOTT, J.

*Will F. Gurley*, for plaintiff in error, cited: *Haslip v.
State*, 10 Neb., 590; 1 Daniel, Negotiable Instruments
[4th ed.], secs. 664, 741, 743 ; *State v. Snow*, 30 La. Ann.,
401 ; Wharton, Criminal Law [9th ed.], sec. 743 ; *People
v. Galloway*, 17 Wend. [N. Y.], 541 ; *Roode v. State*, 5
Neb., 174 ; *Commonwealth v. Dallinger*, 118 Mass., 439 ;
*Crawford v. State*, 19 S. W. Rep. [Tex.], 766; *State v.
Lincoln*, 49 N. H., 471.

*A. S. Churchill, Attorney General*, for the state, cited:
*Commonwealth v. Ross*, 2 Mass., 372; *Commonwealth v.
Ward*, 2 Mass., 397 ; *Commonwealth v. Adams*, 7 Met.
[Mass.], 50 ; *Perkins v. Commonwealth*, 7 Gratt. [Va.],
651 ; *Simmons v. State*, 7 O. St., 116 ; *Langdale v. People*,
100 Ill., 263; *Hess v. State*, 5 O., 5; *Griffin v. State*, 14
O. St., 55; *Commonwealth v. Taylor*, 5 Cush. [Mass.],
605 ; *State v. Carr*, 5 N. H., 367 ; *In re Walsh*, 37 Neb.,
454; *State v. Egglesht*, 41 Ia., 574 ; *Devere v. State*, 5 O.
C. C., 509 ; *Anderson v. State*, 26 Neb., 387 ; *Charles v.
State*, 27 Neb., 881 ; *Nelson v. State*, 33 Neb., 528.

RYAN, C.

At the May term of the district court of Douglas county
the plaintiff in error was found guilty upon each of two
counts, one of which charged him with making and coun-
terfeiting a certain described promissory note, the other
with its utterance.  A thorough examination of the evi-
dence leaves no room for doubt that the plaintiff in error
counterfeited and uttered the note as charged.  It has been

held since the above conviction and sentence that the forgery and fraudulent uttering of a promissory note constitute but one crime, and in case of conviction that but one penalty can be inflicted. (*Vide In re Walsh*, 37 Neb., 454, filed June 30, 1893.)  In the case under consideration the verdict of the jury responded separately, in the affirmative, to the charge contained in the first and likewise in the second count.  In effect there was, therefore, but a finding of guilty on two elements, both of which, taken together, constituted but one crime.  In this the accused was not prejudiced. Under the holding of this court in *Re Walsh, supra,* there could properly be but one sentence.  In the case at bar there was a sentence imposed under the first count and there was a distinct sentence under the second count.  This was irregular.  As the only error found in the record was this irregularity, following *Dodge v. People,* 4 Neb., 220, the judgment of the district court is set aside and the cause remanded with directions to that court to render the proper judgment on the verdict heretofore returned.

JUDGMENT ACCORDINGLY.