JAMES COXBILL v. STATE OF NEBRASKA.

FILED MARCH 14, 1928.   No. 25923.

*J. E. Willits,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Donald Gallagher, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

ROSE, J.

In a prosecution by the state in the county court for Clay county, James Coxbill, defendant, was charged in six separate counts of a complaint with the unlawful sale and with the unlawful possession of intoxicating liquors as follows: September 13, 1925, sale of two pints to C. R. Waters and others; September 13, 1925, possession of two pints; October 12, 1925, sale of one gallon to W. A. Cregar and C. R. Waters; October 12, 1925, possession of one gallon; October 31, 1925, sale of one gallon to W. A. Cregar and C. R. Waters; October 31, 1925, possession of one gallon. To each count defendant pleaded not guilty. On each of five counts he was sentenced to pay a fine of $100. On the other count he was sentenced to serve a term of 60 days at hard labor in the county jail.

In another complaint before the same court, defendant was also charged in three counts with the unlawful sale or possession of intoxicating liquors as follows: March 24, 1926, sale of one gallon to Clifford G. Garrett and O. O. Goben; March 24, 1926, carrying one gallon for the purpose of sale; March 24, 1926, possession of one gallon. After

a plea of not guilty as to each of the three counts, defendant was tried and found guilty as charged in the first and third counts, and not guilty as to the second. As to the latter the complaint was dismissed. On the first defendant was sentenced to serve a term of 60 days at hard labor in the county jail and on the last a term of 30 days at hard labor in the county jail. From each sentence under both complaints he appealed to the district court.

When one of the two appealed cases was called for trial in the district court, the presiding judge on his own motion, after examining the complaints, required a trial of both at the same time. To this method of procedure defendant objected, asserting that he was entitled to a separate trial on each complaint; that he was not prepared for trial on both; that he expected witnesses to appear at different times; that one case had been set for trial on Monday and the other on Tuesday of the same week. The objections were overruled, the trial court announcing that defendant's right to the attendance of witnesses would be protected. Before a single jury defendant was tried for the offenses charged in the nine counts of the two complaints. The trial in the district court resulted in acquittals as to all charges in the complaint containing the six counts and also as to the second charge in the complaint containing the three counts, but he was found guilty of the other offenses charged in the complaint containing the three counts. On the first count for the unlawful sale March 24, 1926, he was sentenced to pay a fine of $100 and to serve a term of 90 days in the county jail at hard labor. On the last of the three counts for the unlawful possession he was sentenced to pay a fine of $100 and costs. As plaintiff in error defendant has presented to the supreme court for review the record of his convictions in the district court.

The principal question for solution is the asserted right of defendant to a separate trial on each of the two complaints. In considering this problem it is proper to hold that the presiding judge in his rulings on evidence, in his

instructions to the jury, and in his declining to impose a sentence for the offense of which defendant was acquitted in the county court as charged in the second count of the complaint containing the three counts, carefully protected the rights of defendant. It should also be observed that all of the nine charges in both complaints were directed either to the unlawful sale or to the unlawful possession of intoxicating liquors. All counts in complaints were directed to similar offenses violating the statutes relating to intoxicating liquors. The charge of each offense in the different counts was brief, distinct and definite.

The bootlegger, by the very nature of his lawless business, multiplies his crimes. With the conditions created by his repeated defiance of law the courts must deal. The debauchery and death resulting from his diabolical traffic imposes upon the public distressing expenses of government and other burdens at which law-abiding citizens take alarm. From the standpoint of existing conditions the safety of the public and the enforcement of law as well as the protection of the offender's right to a fair and impartial trial must be considered.

Prosecutions involving the right of a defendant to separate trials for similar offenses have engaged the attention of courts to a considerable extent in recent years. In 1906 an annotator who reviewed many cases said:

"Upon the question whether, in the absence of statute, a defendant may be tried upon two indictments at the same time, there seems to be a diversity of opinion without a decided preponderance of authority on either side." 3 L. R. A. n. s. 412.

A collection of later cases in 1914, however, indicates a prevailing tendency to hold that two complaints or indictments accusing the same person of similar misdemeanors or crimes may, in the sound discretion of the trial court, be tried together, where all the offenses could properly have been included in different counts of a single information. 47 L. R. A. n. s. 955.

The supreme court of Massachusetts seems to have de-

parted from a former rule requiring separate trials, if demanded, saying in a recent decision:

"The superior court has discretionary power to order a defendant tried at the same time upon two complaints, in the first of which he was charged with keeping and maintaining, in a certain town during three months previous to October 5 of a certain year, a certain tenement 'by him used for the illegal sale and illegal keeping for sale of intoxicating liquor,' and in the second of which he was charged with exposing and keeping intoxicating liquor for sale in the same town on October 11 of the same year. *Commonwealth v. Bickum,* 153 Mass. 386, no longer states the correct practice in this state." *Commonwealth v. Slavski,* 245 Mass. 405.

Further rulings of the same import follow:

"Where the essential elements of the conduct which may constitute two distinct crimes are the same and to be proved in a large part by the same evidence, and where the indictment might have been drawn legally so as to include both crimes, no right of the defendant secured to him by the law as matter of right is violated by compelling a joint trial of both indictments in the exercise of a sound judicial discretion." *Commonwealth v. Rosenthal,* 211 Mass. 50.

"It is within the discretionary power of a judge presiding in the superior court to order tried together three complaints against the same defendant, respectively charging him with keeping intoxicating liquor on May 11, 1924, and during three months preceding, with intent to sell the same unlawfully; with making an unlawful sale of intoxicating liquors, to wit, ten half barrels of beer to a certain person on March 6, 1924; and with unlawfully selling intoxicating liquors, to wit, five half barrels of beer to another person on May 2, 1924." *Commonwealth v. Campopiano,* 254 Mass. 560.

"An order by a judge of the superior court allowing a motion by the commonwealth that two complaints against a single defendant, one dated July 1 and alleging that on

May 10 previous at Lawrence the defendant had sold intoxicating liquor to a certain person unlawfully, and the other dated the following October 7 and alleging that on that day at Lawrence the defendant had exposed and kept for sale intoxicating liquors with intent unlawfully to sell them. should be tried together, cannot be said as a matter of law to be improper." *Commonwealth v. D'Amico*, 254 Mass. 512. See, also, *Commonwealth v. Baldi*, 250 Mass, 528.

Decisions so holding are consistent with the weight of modern authority and are supported by the better reasoning. This procedure, however, requires of the trial court due care to protect the rights of defendant by excluding inadmissible testimony and to prevent confusion of the jury as to the applicability of the evidence to specific offenses charged.

The conclusion is that the district court made no mistake in ordering the trial of the two cases at the same time. In this view of the record error prejudicial to defendant is not affirmatively shown except in the imposing of an excessive sentence.

For the unlawful sale March 24, 1926, defendant was not punishable by both fine and imprisonment. Comp. St. 1922, sec. 3288; *Knothe v. State,* 115 Neb. 119; *Drawbridge v. State,* 115 Neb. 535. That part of the sentence imposing both fine and imprisonment for the unlawful sale is therefore reversed and the cause remanded for an authorized sentence. Otherwise the judgment is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.

Note—See Criminal Law, 16 C. J. 782 n. 35, 17 C. J. 371 n. 51; Liquors 33 C. J. 796 n. 37; 3 L. R. A. n. s. 412; 47 L. R. A. n. s. 955; 8 R. C. L. 167; 5 R. C. L. Supp. 449; 51 L. R. A. n. s. 386; L. R. A. 1915A, 526; 8 R. C. L. 239; 2 R. C. L. Supp. 580; 6 R. C. L. Supp. 495.