LESTER LUKE V. STATE OF NEBRASKA.

FILED APRIL 14, 1932. No. 28236.

*Haney & Marcell,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before GOSS, C. J., DEAN, GOOD, DAY and PAINE, JJ., and LANDIS and RAPER, District Judges.

PAINE, J.

This is a writ of error to the district court for Phelps county. The plaintiff in error, Lester Luke, hereafter called the defendant, was found guilty by a jury of being an accessory after the fact of a larceny, Comp. St. 1929, sec. 28-203, and also of unlawfully receiving the goods involved in the same larceny, Comp. St. 1929, sec. 28-513. For the accessory offense, the defendant was ordered punished by imprisonment in the county jail for 30 days and by a fine of $50. For the receiving offense, the defendant was sentenced to imprisonment in the state reformatory for a term of one to three years, said imprisonment to commence at the expiration of the other jail sentence.

Miss Dora Nelson, county attorney of Phelps county, filed two separate complaints against the defendant, one charging the accessory offense, and the other the receiving offense. At the hearing thereon, County Judge Backman found probable cause on each complaint, and bound the defendant over to the district court for trial on each charge. When called for trial in the district court at Holdrege, it was stipulated and agreed that both cases should be tried at the same time by the introduction of one set of witnesses, and tried to the same jury. The finding of the jury was guilty in each case, and sentences on both verdicts were duly entered.

Plaintiff in error sets out, as reasons for a new trial, that the verdict was not supported by sufficient evidence, surprise in the addition of new names to the information, and errors of law at the trial.

■ Among the errors of law, the defendant contends that he has been deprived of his constitutional rights, as provided in section 11, art. I of the Constitution, in being tried simultaneously for two separate and distinct crimes, citing *Stowe v. State,* 117 Neb. 440, which holds: "Under section 10186, Comp. St. 1922, the court will not ignore 'error as to any matter of pleading or procedure' in a criminal action, when thereby the constitutional rights of the accused conferred by section 11, art I of the Constitution, have been violated by failure to give him proper notice of the 'nature and cause of accusation' against him."

It has been generally held that, where two offenses charged are of the same class, and for the same act, or for connected acts, the consolidation or trying together of the two indictments is a matter which is within the sound discretion of the trial court, especially where the defendant consents to or requests such consolidation. In *Coxbill v. State,* 116 Neb. 604, the presiding judge, upon his own motion, required the trial of the defendant upon two complaints at the same time, and it was held by this court: "Two complaints accusing the same person of similar misdemeanors may, in the sound discretion of the trial judge, be tried together, where all the offenses could properly have been included in different counts of a single information." In *In re Walsh,* 37 Neb. 454, it was held: "Where a person has been convicted at the same term of court of several distinct offenses, each punishable by imprisonment in the penitentiary, whether charged in separate informations or in separate counts of the same information, the court may impose a separate sentence for each offense of which the prisoner has been found guilty. In such case the judgment should not fix the day (as was done in that case) on which each successive term of imprisonment should begin, but should simply direct that each successive term should commence at the expiration of the one imposed by the previous sentence." In *Williams v. State,* 114 Neb. 132, it was held that, where a defendant has been convicted of separate offenses, the

better practice requires the imposition of a separate sentence on each count whereon there has been a conviction.

In the case at bar, the accessory and receiving offenses were charged in two separate informations. By agreement of the parties, these informations were tried together, and no election was ever demanded by the defendant, or objection made by him to trial upon both informations at one and the same time, according to the formal stipulation.

"Where separate indictments were returned against the defendants, which were consolidated at the request of the defendants for the purpose of the trial only, the cases stood for judgment the same as if separate trials had been had, and it is not error to pass sentence upon each conviction." *Parker v. People,* 4 L. R. A. 803 (13 Colo. 155).

The United States courts have gone perhaps as far as any in joinder of offenses for trial, for in *Capone v. United States,* 51 Fed. (2d) 609, it was said by the circuit court of appeals: "Appellant complained because the court consolidated the indictments for the purpose of trial. * * * The alleged error committed by the trial court was in compelling him to go to trial on charges which joined felony counts with misdemeanor counts. There is no merit in this objection." This case involved various felonies and misdemeanors, all being connected with income tax violations. It was held in *Vlassis v. United States,* 3 Fed. (2d) 905: "Where defendants go to trial without objection to consolidation of indictments, it is not open to them to take the objection for the first time after verdict." See *Logan v. United States,* 144 U. S. 263; *Commonwealth v. Rosenthal,* 211 Mass. 50, 47 L. R. A. n. s. 955. In the notes following this last case, found in Ann. Cas. 1913A, 1003, it says: "It is the general rule that in the exercise of a sound judicial discretion the court may order that a defendant shall be tried at one time on two or more indictments, if the offenses alleged are connected or are of the same class of crimes or offenses, the test being whether the offenses could be

properly joined in different counts in the same indictment."

In *State v. Garris,* 98 N. J. Law, 608, separate indictments for desertion and nonsupport of wife and child, by consent of both parties, were tried together, and the rule is that, where the defendant proceeds to trial on two separate indictments for different offenses, the trial court has a heavy burden to see that the defendant is not confounded in his defense, and that the jury's attention is not distracted, and that in no aspect are his substantive rights adversely affected. *Commonwealth v. Skavski,* 245 Mass. 405, 29 A. L. R. 281.

As to the other objections made in this case, this court has held repeatedly that it is within the discretion of the trial court to permit the county attorney to indorse additional names upon the information, and as this was done in this case before the trial, and the defendant made no objection thereto, and did not ask for a postponement, no prejudice will be presumed in this case. *Frey v. State,* 109 Neb. 483; *Barnts v. State,* 116 Neb. 363.

We have examined all of the errors alleged for a reversal of this case, and find no error in the judgment or sentences of the district court, and the same is in all things

AFFIRMED.