GLEN CULPEN, APPELLANT, v. HERBERT HANN, WARDEN, NEBRASKA STATE PENITENTIARY, APPELLEE.

63 N. W. 2d 157

Filed March 12, 1954. No. 33517.

*Glen Culpen,* pro se.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The appellant filed a petition for a writ of habeas corpus in the district court for Lancaster County on October 8, 1953, in which he asserted he was improperly held in the State Penitentiary. The trial court refused to issue the writ for the reason that the petition failed to allege facts sufficient to state a cause of action. The petitioner appeals.

It is fundamental that a petition for a writ of habeas corpus must state a cause of action, and if it does not the court may properly enter an order denying the writ. Howell v. Hann, 155 Neb. 698, 53 N. W. 2d 81, certiorari denied 343 U. S. 981, 72 S. Ct. 1083, 96 L. Ed. 1372; Stapleman v. Hann, 155 Neb. 410, 51 N. W. 2d 891. A writ of habeas corpus will issue as a matter of right only when the petition states a cause of action.

The petition alleges that in May 1947, the petitioner was sentenced to the State Penitentiary for a term of 3 years. On October 6, 1947, petitioner escaped custody while serving this sentence. On October 14, 1947, he was charged with escaping custody and with automobile theft. He pleaded guilty to both charges and was sentenced to serve 3 years in the penitentiary for each offense. It appears to be the contention of petitioner that these two 3-year sentences are to be treated as concurrent sentences irrespective of the court's order to the contrary.

This contention of the petitioner has no merit. The trial court may properly sentence a convicted criminal

to consecutive terms in the penitentiary for separate offenses. In re Walsh, 37 Neb. 454, 55 N. W. 1075; Luke v. State, 123 Neb. 101, 242 N. W. 265. It is the rule, however, that where two sentences are imposed in the same court at the same time for two offenses, the sentences will run concurrently if the trial judge does not otherwise order. Luke v. State, *supra;* State ex rel. Allen v. Ryder, 119 Neb. 704, 230 N. W. 586. We gather from the petition that the trial court failed to specify whether the two 3-year sentences were to run consecutively or concurrently. If this be true, the writ should issue where the petition alleges that one of the 3-year sentences has been served. Petitioner alleges that he commenced serving the two 3-year terms on April 1, 1950. Consequently his allegation that the two 3-year terms run concurrently would indicate that these sentences terminated on or before April 1, 1953.

The petition for the writ of habeas corpus was evidently prepared by the petitioner himself. It lacks much in the way of clarity, but, giving it the most favorable construction possible, we think it states a cause of action and warrants the issuance of a writ. If the commitments under which he is held do not show that the court imposed sentences to be consecutively served, as petitioner alleges, it would appear that he is entitled to relief.

We think the trial court erred in not issuing the writ as prayed. The judgment is reversed.

REVERSED.