State of Nebraska, Appellee, v. Isaiah Jerry Jones,
Appellant.
358 N.W.2d 765

Filed November 30, 1984. No. 84-377.

James J. Frost of North, Black & Kubichek, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Caporale, J.

Defendant, Isaiah Jerry Jones, was tried previously and convicted of one count of murder in the second degree and one count of murder in the first degree. He was thereafter, at one proceeding, sentenced first to life imprisonment on the second degree conviction and then to death on the first degree conviction. Nothing was said as to whether any sentence was to be served concurrently with or consecutively to the other. On direct appeal this court affirmed both convictions and the life sentence imposed on the second degree conviction, but vacated the death sentence imposed on the first degree conviction and remanded the cause for resentencing on that conviction. Jones was subsequently sentenced to life imprisonment on the first degree conviction, said sentence to run consecutively to the life sentence previously imposed on the second degree conviction. He now appeals from that new sentence, arguing that requiring him to serve the first degree life sentence consecutively to the previously imposed second degree life sentence somehow increases the length of the previously imposed sentence, thereby impermissibly subjecting him to double jeopardy. The claim

being without merit, we affirm.

The circumstances under which Jones snuffed out the lives of Ann L. Speese and her 12-year-old daughter, Tina, are set forth in *State v. Jones*, 213 Neb. 1, 328 N.W.2d 166 (1982), wherein consideration by the trial court of certain immunized testimony by Jones in an unrelated case required that we remand for resentencing on the first degree murder conviction for the slaying of Tina.

Jones first postulates that where two sentences are imposed in the same court at the same time for two offenses, each sentence runs concurrently with the other if the trial judge does not specify otherwise. He next observes that he was originally sentenced in the same court at the same time on each of the second and first degree murder convictions. He then concludes that the original second degree life sentence was to be served concurrently with the vacated concurrent first degree death sentence. From that conclusion he contends that changing the prior concurrent second degree life sentence to a consecutive one by substituting a consecutive life sentence for the vacated concurrent death sentence is a modification upward; that as he had begun to serve the valid second degree life sentence, that sentence could not be later increased; and that, in any event, a court may not add punishment to a valid, unchallenged sentence to offset a criminal defendant's successful challenge to an invalid sentence on a separate conviction.

We reach none of Jones' various contentions, for his postulate, even if correct, has no application to the situation presented. The hypothesis rests on language contained in *Culpen v. Hann*, 158 Neb. 390, 63 N.W.2d 157 (1954), and *Luke v. State*, 123 Neb. 101, 242 N.W. 265 (1932), which states that where two sentences are imposed in the same court at the same time for two offenses, the sentences will run concurrently if the trial judge does not otherwise order. It must be noted first of all that the statements are dicta because neither of those cases involved concurrent sentences. *Culpen* presented two consecutive 3-year sentences which the defendant unsuccessfully challenged on the basis they were to be treated as concurrent, notwithstanding the trial judge's pronouncement to the contrary. *Luke* involved a 30-day jail sentence combined

with a $50 fine and a consecutive sentence of 1 to 3 years' imprisonment. Moreover, the dicta upon which Jones relies do not say that in the absence of a consecutiveness direction, each sentence runs concurrently with the other, only that the sentences will run concurrently. There is some authority for stating the general rule to be that in the absence of a consecutiveness specification, it is the second sentence which runs concurrently with the first, not that each sentence runs concurrently with the other. 21 Am. Jur. 2d *Criminal Law* § 552 (1981). The *Culpen* and *Luke* language is as consistent with that latter interpretation of the doctrine as it is with the interpretation given the doctrine by Jones. If it is only the second sentence which runs concurrently with the first, then Jones' entire argument fails, for it was the vacated death sentence which was imposed second and that death sentence was the only sentence for which the subsequent consecutive life sentence was substituted.

However, we need not resolve in this case which of the foregoing two interpretations is the Nebraska rule, for there is a dispositive distinction between the situation presented in this case and those in which some variation of the concursion in the absence of a consecutiveness direction doctrine may apply. The word "concurrent" means operating simultaneously. Webster's Third New International Dictionary, Unabridged 472 (1968). Concurrent sentences operate simultaneously; that is to say, they run together during the periods they overlap. *State v. Martinez*, 99 N.M. 248, 656 P.2d 911 (1982); *In re Roberts*, 40 Cal. 2d 745, 255 P.2d 782 (1953). One may, while alive, simultaneously serve time to be applied to two sentences. He may not, however, be at the same time alive and dead, as the definition of one condition excludes the other. Consequently, any rule that in the absence of a consecutiveness direction two sentences pronounced at the same time by the same court are to be served concurrently can have no application when death has been imposed as one of the sentences. In such an instance, a life sentence, or so much thereof as may be, is served until the death sentence is carried out. See, *Elledge v. Graham*, 432 So. 2d 35 (Fla. 1983), *cert. denied* 464 U.S. 986, 104 S. Ct. 436, 78 L. Ed. 2d 368, and *Whitney v. State*, 132 So. 2d 599 (Fla. 1961),

holding that an offender has no legal right to serve a life sentence before a death sentence can be carried out. To require a sentencing judge to announce that a sentence of death is to be served consecutively to a sentence of life imprisonment would be to require a judge to state the obvious. This we refuse to do. The fact that, as Jones points out, the sentencing panel in *State v. Peery*, 199 Neb. 656, 261 N.W.2d 95 (1977), chose, perhaps out of an overabundance of caution, to pronounce that a sentence for an indefinite term of years was to be served consecutively to a sentence of death in no way affects the foregoing analysis.

As we have seen, the simultaneous sentence cases cited by Jones which do not deal with a death sentence are not relevant to the inquiry at hand. The death sentence case on which Jones places heavy reliance, *United States v. Frady*, 607 F.2d 383 (D.C. Cir. 1979), was, in our view, decided incorrectly. Therein, Frady was originally sentenced at the same time and in the same court to death on a first degree murder conviction and to imprisonment for a period of from 5 to 15 years on a robbery conviction. On appeal it was determined that the death sentence was erroneous, and the trial court was directed to resentence Frady to life imprisonment on the murder conviction. When the trial court did so, it altered the prison sentence imposed on the robbery conviction to make it run consecutively to the life sentence imposed on the murder conviction. The two-judge majority of the three-judge panel concluded that the original prison sentence on the robbery conviction, consecutiveness not having been specified, was concurrent with the death sentence in the murder conviction. Thus, it reasoned, changing the robbery sentence subjected Frady to double jeopardy by extending the time he would be imprisoned on the robbery conviction. Firstly, as noted earlier, we conclude that the *Frady* majority was simply wrong in applying the concurrent in the absence of a consecutiveness direction doctrine when death was one of the sentences originally imposed. There is no logic in that position. Secondly, there is a factual distinction between *Frady* and the instant case. In *Frady* the trial court modified an original sentence which had not been vacated by the appellate court. That is not what happened here. Here, the trial court

substituted a lesser sentence, consecutive life, for the vacated death sentence. Imposing a lesser sentence when an erroneous sentence has been vacated is entirely permissible. *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969); *State v. Lopez*, 217 Neb. 719, 350 N.W.2d 563 (1984); *State v. Gaston*, 193 Neb. 259, 226 N.W.2d 355 (1975).

Having elected to take the lives of two human beings, it is entirely appropriate that Jones be required to spend two lifetimes in prison, or so much thereof as the Board of Pardons of this state and the ordinances of nature shall allow.

AFFIRMED.