STATE OF NEBRASKA, APPELLEE, V. GARET J. PETERS, APPELLANT.
435 N.W.2d 675

Filed February 17, 1989.   No. 88-256.

John B. McDermott, of McDermott, Depue & Zitterkopf, for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal from convictions in the district court for

York County, Nebraska, entered after pleas of guilty to three Class I misdemeanor counts of criminal mischief. On February 23, 1988, the appellant was sentenced to probation for 2 years on the first misdemeanor count, with a condition of probation that he serve 90 days in the York County jail commencing May 25, 1988, and pay restitution. On count II, the appellant was sentenced to a 2-year term of probation, with a condition that he serve 90 days in the York County jail commencing May 25, 1989. These two terms of probation were ordered to be served concurrently. On count III, the appellant was placed on probation for 2 years and ordered to serve 90 days in the York County jail commencing May 25, 1990, this term of probation to be consecutive to the other two probation orders. The appellant contends that the trial court erred both in imposing two consecutive jail terms of 90 days as a condition of probation for concurrent probationary periods of 2 years, in contravention of Neb. Rev. Stat. § 29-2262(1) (Cum. Supp. 1988), and in imposing excessive sentences.

From March 7 to August 4, 1987, a number of incidents of random property damage occurred in York County. As a result of a grand jury investigation, the appellant was indicted on October 26 and December 2 for perjury and criminal mischief. Pursuant to plea negotiations, the defendant pled guilty to three counts of attempted criminal mischief in which the pecuniary loss was in excess of $300.

In his first assignment of error, the appellant contends that because the sentences on counts I and II were ordered to be served concurrently, the sentences should be interpreted to run concurrently in all respects: by serving the first 90-day term beginning in May of 1988, the appellant will also satisfy the 90-day term imposed to commence in May 1989. We believe that this contention is in error.

In *State v. Jones*, 218 Neb. 713, 715, 358 N.W.2d 765, 767 (1984), this court stated: "The word 'concurrent' means operating simultaneously. Webster's Third New International Dictionary, Unabridged 472 (1968). Concurrent sentences operate simultaneously; that is to say, they run together during the periods they overlap."

In the present case, the appellant was ordered to serve a

2-year term of probation on count I, with a condition of that probation to serve 90 days in the county jail beginning in May of 1988. On count II, the appellant was ordered to a 2-year term of probation, with a condition to serve 90 days to commence in May 1989. These two terms overlap only in the 2-year terms of probation. Therefore, an order that the terms be served concurrently means only that they are concurrent for the 2-year term of probation, as they obviously do not overlap for the separate jail terms in 1988 and 1989.

This sentence may, at first, appear unusual. However, it is not particularly unusual for two terms of incarceration to be ordered to be served concurrently even though they are not for identical terms. A sentence to a term of years on one count may be shorter than the sentence to a term of years on a second count. Nonetheless, the trial court may order the second count to be served concurrently with the first. During the period of overlap, the sentences are served at the same time. However, the longer portion of the second sentence must be served after the concurrent portion has been served. As applied in this case, the second term of incarceration must be served in 1989, after the term of incarceration for count I has been served in 1988.

This court recently held that an intermittent sentence is not permitted to be instituted by a court, even if such a sentence is consented to by the defendant. *State v. Texel*, 230 Neb. 810, 433 N.W.2d 541 (1989). However, the sentences imposed in the present case are distinguishable from the sentences at issue in *Texel*. *Texel* concerned straight sentences to jail time, while in this instance the appellant was sentenced to probation, with the period of incarceration merely a condition of probation. Because the appellant will be under the jurisdiction of the judicial system for the entire term of his probation, a total of 4 years, requiring him to serve his jail time intermittently throughout those years does not mean the sentences themselves are intermittent ones. Therefore, the reasoning utilized in *Texel* is inapplicable here.

The appellant also assigns as error the sentences imposed by the district court, contending that they are excessive. The appellant was convicted of three counts of attempted criminal mischief for amounts in excess of $300. These are Class I

misdemeanors, each punishable upon conviction by 1 year's imprisonment, a $1,000 fine, or both. (See Neb. Rev. Stat. §§ 28-519 and 28-201(4)(d) (Reissue 1985).) Upon conviction of a first-offense misdemeanor, an offender may be placed on probation for a term not to exceed 2 years. (See Neb. Rev. Stat. § 29-2263(1) (Reissue 1985).) In the present case, upon conviction, the appellant received three terms of probation for 2 years, the second count to be served concurrently with the first, and the third consecutively to counts I and II.

Section 29-2262(2)(b) allows the imposition of a 90-day term of incarceration as a condition of probation. This court has repeatedly held that sentences imposed within the limits prescribed by the statutes in question will not be disturbed on appeal absent an abuse of discretion. *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988); *State v. Dillon*, 222 Neb. 131, 382 N.W.2d 353 (1986). The sentences being within what is authorized by statute, and no abuse of discretion appearing from the record, this assignment of error is also without merit.

The judgment of the district court is, therefore, affirmed.

AFFIRMED.

WHITE, J., dissenting.

I dissent. I believe that the sentences imposed by the district court were erroneous for a reason distinct from the imposition of concurrent or consecutive sentences. Although this error in sentencing was not addressed by counsel, I would nonetheless find it to be plain error requiring reversal. Plain error may be found on appeal when an error, unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would cause a miscarriage of justice or damage the integrity and fairness of the judicial process. *State v. Thomas*, 229 Neb. 635, 428 N.W.2d 221 (1988); *In re Estate of Fischer*, 227 Neb. 722, 419 N.W.2d 860 (1988).

Subsequent to the filing of the briefs in this case, this court decided *State v. Texel*, 230 Neb. 810, 433 N.W.2d 541 (1989). In *Texel*, we held that an intermittent sentence in a criminal case is erroneous, even if consented to by the defendant. The appellant in *Texel* was convicted of seven counts of violating Neb. Rev. Stat. § 28-1102 (Reissue 1985), and one count of violating Neb.

Rev. Stat. § 28-1105 (Cum. Supp. 1986). The appellant was sentenced to pay a fine of $1,000 on each of the eight counts and to consecutive 30-day terms of incarceration on each count, to be served intermittently during 20 days of each of the succeeding 12 months. This court stated that intermittent sentences are not permitted, although in *State v. Jurgens*, 187 Neb. 557, 192 N.W.2d 741 (1971), we had held that if the defendant consented to the intermittent sentence, the sentence could stand. We explicitly rejected that statement in *Texel*. "[A] sentence is not in the nature of a quasi-contract which a defendant is free to accept or reject. A sentence as imposed either is or is not within a court's authority and is either legally correct or erroneous." *Texel, supra* at 814, 433 N.W.2d at 544.

An argument can be made that *Texel* and the present case are distinguishable because this case involves sentences of probation and *Texel* concerned straight jail sentences. However, any distinction is unduly formalistic. It is difficult to imagine a valid reason for distinguishing between jail sentences as conditions of probation and jail sentences in general. The defendant is still in a position of "doing time," and the logic utilized in reaching our decision in *Texel* seems equally applicable here.

> [W]idely varying the method of serving periods of incarceration increases the likelihood of uneven application of the law to various individuals in our society. Not only is a prisoner entitled to pay his debt to society in one stretch, not in bits and pieces, [citation omitted], but society also has the right to expect that once a defendant has been incarcerated, the time will not be served in bits and pieces.

*Texel, supra* at 814, 433 N.W.2d at 544.

In the present action, as in *Texel*, the appellant was sentenced to terms of imprisonment to be served intermittently. It is apparent from a review of the record that the judge imposed these sentences in an attempt to ensure that the appellant was able to continue his education throughout the year. However, regardless of the intentions of the district judge, these sentences cannot stand.

It has long been settled in this jurisdiction that when a person is convicted of several distinct offenses and a cumulative sentence is imposed, the judgement should not fix the day on which each successive term of imprisonment should commence, but should direct that each successive term begin immediately following cessation of the presiding term, as the prior term of imprisonment may be shortened by the good behavior of the defendant, by executive clemency, or by a reversal of the judgment. *Luke v. State*, 123 Neb. 101, 242 N.W. 265 (1932); *In re Walsh*, 37 Neb. 454, 55 N.W. 1075 (1893).

Because the terms of imprisonment ordered to be served as conditions of probation are intermittent, I would remand the cause to the district court for resentencing in view of our opinion in *State v. Texel, supra*. Therefore, I dissent.

GRANT, J., dissenting.

I join in the dissent of Judge White and write only to add that I think the concern about interrupting this defendant's schooling is unwarranted. The fact is that it appears to me that this defendant needs to have his education interrupted while he matures and shows himself ready to assume an appropriate role in society. Many people have had their education interrupted without any serious effect on their later schooling. I also would remand the cause for resentencing.