RODNEY L. STEWART, APPELLANT, V. FRANK DELGADO, APPELLEE.

436 N.W.2d 512

Filed March 3, 1989.   No. 87-1087.

Rodney L. Stewart, pro se.

Robert M. Spire, Attorney General, and Marie C. Pawol for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

GRANT, J.

In 1975, plaintiff-appellant was found guilty of first degree

murder and shooting "with intent to kill, wound or maim." He was sentenced to death on the murder charge and to 15 to 50 years' imprisonment on the shooting charge. He appealed to this court, where, on February 2, 1977, the conviction on each count was affirmed, as was the sentence on the shooting charge. On the murder charge, this court stated we "modify the sentences imposed upon him by reducing his sentence to death under count I to a sentence of life imprisonment." *State v. Stewart*, 197 Neb. 497, 527-28, 250 N.W.2d 849, 866-67 (1977). Neither the sentence of the trial court nor the modification thereof in this court stated whether the sentences, as ultimately imposed, were to be served concurrently or consecutively.

On April 21, 1986, appellant filed a "complaint" (hereinafter called a petition) in the district court for Lancaster County, alleging that defendant-appellee is the records administrator of the Nebraska state penitentiary and has construed the applicable court sentencing orders to require the sentences imposed be served consecutively rather than concurrently. The petition requested the court to "order the defendant . . . to change the plaintiff's records to indicate his sentences are concurrent . . . ."

The court, pursuant to Neb. Rev. Stat. § 25-2158 (Reissue 1985), treated this pro se filing as an application for an alternative writ of mandamus, as distinguished from a peremptory writ, and, on December 15, 1986, issued an order requiring that the defendant show cause within 21 days why the writ should not be issued.

After defendant's demurrer was overruled, defendant answered on January 26, 1987, admitting that he was the records administrator at the penitentiary and some other facts, and denying the remainder. Defendant requested the petition be denied.

After a hearing, the district court dismissed appellant's petition. This appeal followed. Since appellant is pro se, the pleading and briefing in the case are not as helpful as might be expected, but appellant does raise the issue before us: "Are the appellant's two (2) sentences concurrent or consecutive?" Brief for appellant at 2. We determine that issue and reverse the order of the trial court.

Appellee has admitted that the trial court did not specify whether the sentences were to be served concurrently or consecutively, but correctly alleged in his answer and argues in this court that because the district court imposed the death penalty on count I, "a specification of whether the sentences were to be served concurrently or consecutively was not required." That is a correct statement, and we so held in *State v. Jones*, 218 Neb. 713, 358 N.W.2d 765 (1984) (*Jones II*).

In *State v. Jones*, 213 Neb. 1, 328 N.W.2d 166 (1982) (*Jones I*), Jones was sentenced to life imprisonment on a second degree murder conviction and then to death on a first degree murder conviction. On appeal to this court, the life sentence was affirmed but the death sentence was vacated. The cause was remanded to the district court for resentencing on the first degree murder charge, "with directions to hold a new sentencing hearing and sentence the defendant in accordance with the provisions of Neb. Rev. Stat. §§ 29-2520 et seq. (Reissue 1979) and this opinion." *Jones I, supra* at 15, 328 N.W.2d at 174.

On remand, the district court resentenced Jones on the first degree murder charge to life imprisonment, with the specific provision that the life sentence on the first degree murder charge was to be served consecutively to the life sentence on the second degree murder charge.

In *Jones II*, this court affirmed that sentencing, thus overruling Jones' contention of double jeopardy. We pointed out that "any rule that in the absence of a consecutiveness direction two sentences pronounced at the same time by the same court are to be served concurrently can have no application when death has been imposed as one of the sentences." *Jones II, supra* at 715, 358 N.W.2d at 767.

If the present case had been remanded to the district court for resentencing after the 1977 affirmance of the conviction as to first degree murder, and the district court had sentenced appellee to a life sentence to be served consecutively, we would have precisely the *Jones II* case, and the determination that the sentences were to be served consecutively would be affirmed.

That is not what happened in this case. This court modified the death sentence to life imprisonment and affirmed the

sentence of 15 to 50 years on the shooting charges. Nothing was said concerning whether the sentences were to be served concurrently or consecutively. Consequently, we are now faced with two sentences imposed in the same case, albeit one imposed by the trial court and one, in effect, by this court, modifying the trial court's sentence. The same situation is thus presented to us as if this court had remanded the cause for resentencing and the trial court had sentenced defendant to life imprisonment without specifying whether the sentence was to be served consecutively.

This court has set out a rule in such cases. In *Culpen v. Hann*, 158 Neb. 390, 392, 63 N.W.2d 157, 158 (1954), we said, "It is the rule, however, that where two sentences are imposed in the same court at the same time for two offenses, the sentences will run concurrently if the trial judge does not otherwise order." See, also, *Luke v. State*, 123 Neb. 101, 242 N.W. 265 (1932).

Other states have held to the same effect. In *Wheeler v. Jernigan*, 248 Ga. 302, 282 S.E.2d 891 (1981), the Georgia Supreme Court stated, "This court has consistently held that sentences imposed upon convictions by the courts of state jurisdictions run concurrently unless there is an express mention that they are to be served consecutively." See, also, *State v. Furman*, 288 S.C. 243, 341 S.E.2d 795 (1986).

In addition, we note that many states have enacted statutes to the same effect. See, e.g., Mo. Ann. Stat. § 558.026(1) (Vernon 1989), in which Missouri provides: "Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively . . . ."

We hold that in the absence of any statement as to how the sentences are to be served, such sentences shall be served concurrently.

The judgment of the trial court is reversed and the cause remanded to the district court with directions to issue the alternative writ of mandamus prayed for by appellant.

REVERSED AND REMANDED WITH DIRECTIONS.