IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

RICHARD V. NEBRASKA DEPT. OF CORR. SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TRONDELL RICHARD, APPELLANT,

V.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES AND SCOTT FRAKES, APPELLEES.

Filed January 10, 2023.    No. A-21-992.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Trondell Richard, pro se.

Douglas J. Peterson, Attorney General, and Scott R. Straus for appellees.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Trondell Richard appeals from the Lancaster County District Court's order dismissing his action brought pursuant to Nebraska's Uniform Declaratory Judgments Act and Nebraska's Administrative Procedures Act which alleged that the Nebraska Department of Correctional Services (DCS) miscalculated his parole eligibility date (PED) and his tentative release date (TRD). For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

Richard is an inmate currently confined at the Nebraska State Penitentiary serving concurrent sentences for two separate convictions. On August 28, 2014, Richard was sentenced to 7 to 10 years' imprisonment (including a mandatory minimum of 3 years). This resulted in a TRD of April 18, 2021. Richard was released on parole in March 2019. In January 2020, while Richard remained on parole for the 2014 conviction and sentence, he was arrested on a new criminal charge.

- 1 -

Following Richard's arrest in 2020, his parole was revoked. On August 7, 2020, Richard was sentenced to 8 to 10 years' imprisonment (with a mandatory minimum of 3 years) on the 2020 conviction with the 2020 sentence ordered to be served concurrently with the 2014 sentence. He was granted credit for 198 days served. With Richard's 2020 sentence added, DCS calculated Richard's PED for July 22, 2025, and his TRD for July 23, 2026.

In April 2021, Richard filed a pro se action under Nebraska's Uniform Declaratory Judgment Act and Nebraska's Administrative Procedure Act (APA) seeking relief for DCS' alleged miscalculation of his PED and TRD. Richard asserted that, because his sentences were ordered to run concurrently, his PED and TRD should have been calculated starting from his initial date of incarceration on his first conviction in 2014 as opposed to the date of his incarceration in 2020.

The State moved to dismiss Richard's petition on the bases that the district court lacked subject matter jurisdiction on his APA claim and that Richard's declaratory judgment claim failed to state a claim for relief. Following a hearing on the State's motion to dismiss, the district court dismissed Richard's petition with prejudice finding that Richard's declaratory judgment claim failed to state a claim for relief and that Richard's APA claim was barred by sovereign immunity. More specifically, in finding that Richard's declaratory judgment claim failed to state a claim for relief, the district court stated:

> [Richard] asserts that [DCS and Scott Frakes] have not run [Richard's] 2020 and 2014 [sentences] together. He is mistaken. "Concurrent sentences operate simultaneously; that is to say, they run together during the *periods they overlap*." *State v. Peters*, 231 Neb. 242, 243, 435 N.W.2d 675, 677 (1989) (quoting *State v. Jones*, 218 Neb. 713, 358 N.W.2d 765 (1984) (internal quotation marks omitted) (emphasis added)). "During the period of overlap, the sentences are served at the same time. However, the longer portion of the second sentence must be served after the concurrent portion has been served." *Id.*, 231 Neb. at 244, 435 N.W.2d at 677.
>
> Here, [Richard's] 2014 sentence's TRD was on or around April 18, 2021. . . . [Richard's] 2020 sentence began on August 7, 2020[,] while [Richard] was still serving the remainder of his original 2014 sentence. . . . Because the court . . . said that [Richard's] new sentence would run concurrently with his original sentence . . ., the two sentences did, in fact, "run together during the periods they overlap[ped]." *Peters*, 231 Neb. at 243, 435 N.W.2d at 677. As such, both his 2014 and 2020 sentence[s] ran together from the beginning of his new sentence on August 7, 2020, through the end of his 2014 sentence on or about April 18, 2021. Since that time, [Richard] is simply serving-out the remainder of his 2020 sentence.

As to Richard's APA claim, the district court found that Richard's claim was barred by sovereign immunity as he failed to challenge the validity or any rule or regulation for which the limited statutory waiver of sovereign immunity applied.

ASSIGNMENTS OF ERROR

Richard contends that the district court (1) "committed plain error when it dismissed [his] declaratory judgment petition" and (2) "abused its discretion when it premise[d] its findings exhibit[ed] in its order."

STANDARD OF REVIEW

An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021).

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Heist v. Nebraska Dept. of Corr. Servs.*, 312 Neb. 480, 979 N.W.2d 772 (2022).

ANALYSIS

Neb. Ct. R. App. P. § 2-109(D)(1) sets forth separate components that must be included in a brief of an appellant. These components include a separate section for assignments of error, designated as such by a heading, and an argument for each assigned error presented separately and supported by propositions of law. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Adair Holdings v. Johnson*, 304 Neb. 720, 936 N.W.2d 517 (2020).

Depending on the particulars of each case, failure to comply with the mandate of § 2-109(D) may result in an appellate court proceeding as though the party failed to file a brief or, alternatively, proceeding on a plain error review only. *In re Interest of Steven S.*, 27 Neb. App. 831, 936 N.W.2d 762 (2019). Absent plain error, an appellate court considers only an appellant's claimed errors that the appellant specifically assigns in a separate "assignment of error" section of the brief and correspondingly argues in the argument section. *In re Estate of Graham*, 301 Neb. 594, 919 N.W.2d 714 (2018).

Here, Richard does not separately argue his assigned errors; instead, he generally argues that DCS miscalculated his PED and TRD because he claims that his sentences were to run concurrent from his original 2014 sentence as opposed to the new 2020 sentence. Due to his failure to comply with the mandate of § 2-109(D), we review for plain error only.

Regarding Richard's APA claim, because Richard's petition did not challenge a DCS rule or regulation, but merely asserted that DCS misapplied the rules for calculating his PED and TRD, we find no plain error in the district court's determination that Richard's APA claim was barred by sovereign immunity. See *Logan v. Dept. of Corr. Servs.*, 254 Neb. 646, 578 N.W.2d 44 (1998) (inmate's petition alleging that DCS misapplied state and federal law in interpreting three of his sentences did not relate to DCS' rule or regulation or DCS' threatened application of such rule or regulation which would interfere with, impair, or threaten the inmate's legal rights or privileges, so as to bring his suit within statutory waiver of sovereign immunity bar; the inmate did not allege that DCS' decision related to any rule or regulation issued by DCS or even allege general standard

followed by DCS). See also *Heist v. Nebraska Dept. of Corr. Servs.*, 312 Neb. 480, 979 N.W.2d 772 (2022) (DCS policy on sentence calculation method was not rule or regulation under APA provision allowing declaratory claims as to validity of rule or regulation).

As to Richard's general assignment that "the lower court committed plain error when it dismissed [his] declaratory judgment petition," we likewise find no plain error by the district court. As we read Richard's argument, he claims that when the district court sentenced him on August 7, 2020, to a term of 8 to 10 years' imprisonment (with a mandatory minimum of 3 years), the court's decision to run that sentence concurrently with his 2014 sentence should apply retroactively so that the August 7, 2020, sentence should have commenced to run in 2014. However, as the district court found:

> Because the court in CR 20-966 said that [Richard's] new sentence would run concurrently with his original sentence from 13-2666, the two sentences did, in fact, "run together during the periods they overlap[ped]." *Peters*, 231 Neb. at 243, 435 N.W.2d at 677. As such, both his 2014 and 2020 sentence ran together from the beginning of his new sentence on August 7, 2020, through the end of his 2014 sentence on or about April 18, 2021. Since that time. [Richard] is simply serving-out the remainder of his 2020 sentence.

We find no plain error in the court's determination that the district court's August 7, 2020, sentence was to commence to run concurrently with the remainder of Richard's sentence in CR 13-2666 commencing on August 7, 2020, and that following the end of his sentence in CR 13-2666, which occurred on April 18, 2021, Richard was required to serve out the remainder of his August 7, 2020, sentence. See *State v. Peters,* 231 Neb. 242, 435 N.W.2d 675 (1989) (the longer portion of the second sentence must be served after the concurrent portion has been served).

CONCLUSION

Finding no plain error in the district court's determinations, we affirm the district court's order dismissing Richard's petition.

AFFIRMED.