**UNITED STATES of America, Appellee,**

v.

**Donald Robert MOYLES, Appellant.**

**No. 402, Docket 83–1211.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 15, 1983.

Decided Dec. 20, 1983.

Holly B. Fitzsimmons, Asst. U.S. Atty., Bridgeport, Conn. (Alan H. Nevas, U.S. Atty., New Haven, Conn., Michael David Spivak, Law Student Intern, on brief), for appellee.

James W. Bergenn, Asst. Federal Public Defender for the D. of Conn., Hartford, Conn. (Thomas G. Dennis, Federal Public Defender for the D. of Conn., Hartford, Conn.), for appellant.

Before KAUFMAN, VAN GRAAFEILAND and HAYNSWORTH,* Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

In this case we consider the legal import of an ambiguity in an orally pronounced sentence when the confusion is promptly repaired in writing by the sentencing judge. We begin with the pertinent facts.

In July 1982, a grand jury returned a fifteen-count indictment against Donald Moyles, charging him with mail fraud, in violation of 18 U.S.C. § 1341, and misuse of social security numbers, in violation of 42 U.S.C. §§ 408(g)(1) and 408(g)(2). The following January, Moyles appeared before Judge Clarie of the District of Connecticut and pleaded guilty to one count of misuse of a social security number. In addition, he entered a guilty plea to two separate one-count informations for filing a false claim for a tax refund, 18 U.S.C. § 287, and mail fraud in the District of Vermont, 18 U.S.C. § 1341.

On Friday, March 11, 1983, Judge Clarie orally sentenced Moyles as follows:

* Of the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

The sentence of the Court is that on the Social Security count, Count Twelve, that you shall be committed unto the custody of the Attorney General for two years.

On the second count, the mail fraud, arising in the District of Vermont, you shall be committed unto the Attorney General for one year.

And on the third count, the claims of United States tax refunds, illegally, one year.

The last two sentences shall run consecutively and not concurrently, and you will get credit for the time you already have been in prison awaiting trial.

The final statement is ambiguous. The reference to the last two sentences running consecutively may be understood either as consecutive to one another, but concurrent with the two-year term, for a total of two years, or consecutive to one another and to the two-year term, for a total of four years. Moyles's counsel, however, did not point out the ambiguity or ask for a clarification. Instead, he requested that the sentence be given pursuant to 18 U.S.C. § 4205(b), so the defendant "could be released on parole before he 'maxes out', if you will on the four years." Moyles did not take issue with his attorney's description of the total sentence as four years. Nor did Judge Clarie, who then denied the request.

On March 14, the Monday following the Friday sentencing, the judge signed three Judgments and Probation/Commitment Orders (hereinafter "commitment orders") covering the three counts for which punishment had been meted out. These commitment orders indicated that each one-year term was to follow the two-year term, but did not state that the one-year terms were also to follow one another. The result was a written sentence for one two-year term followed by two concurrent one-year terms, for a total of three years.[1]

On March 18, the court *sua sponte* filed amendments to the commitment orders for the one-year terms. These amendments specified that Judge Clarie had intended the one-year terms to be consecutive to each other as well as to the two-year term.[2]

Two months later, Moyles filed a motion to reduce and correct the sentence. Judge Clarie denied the motion and this appeal followed.

## DISCUSSION

Appellant claims the commitment orders of March 14 were impermissible "adverse construction[s] of an ambiguity" in the oral sentences. To substantiate this assertion, he presents several legal theories.

 Moyles argues that a variance between an orally imposed sentence and a commitment order must be controlled by the terms of the pronounced sentence. This claim is correct, *United States v. Marquez,* 506 F.2d 620 (2d Cir.1974), but inapposite. Here there is no material variance. Instead, this case concerns an ambiguity in the oral sentence which was promptly clarified by the judge in his written orders and amendments. A commitment order may properly serve the function of resolving ambiguities in orally pronounced sentences. *Payne v. Madigan,* 274 F.2d 702 (9th Cir.

---

1. The three judgments and commitment orders read as follows in pertinent part:
 (1) For *the social security act violation* ( # 82–1048(TEC))—"two (2) years";
 (2) For the false IRS return count ( # H–83–4(TEC))—"one (1) year to run consecutively to sentence imposed in Criminal 82–1048 (TEC)";
 (3) For the mail fraud count ( # H–83–7)(TEC))—"one (1) year to run consecutively to sentence imposed in Criminal 82–1048 (TEC)."

2. The Amendment to Judgment and Commitment Order for Criminal H–83–4 (TEC) (false IRS return) stated: "The Judgment and Commitment Order entered by this Court on March 11, 1983 is hereby amended to read . . .:
 '. . . one (1) year to run consecutively to the sentences imposed in Criminal 82–1048 (TEC) and Criminal H–83–7(TEC). . . .' "
 The Amendment to Judgment and Commitment Order for Criminal H–83–7 (TEC) (mail fraud) stated: "The Judgment and Commitment Order entered by this Court on March 11, 1983 is hereby amended to read . . .
 '. . . one (1) year to run consecutively to the sentences imposed in Criminal 82–1048 (TEC) and Criminal H–83–4 (TEC) . . .' "

1960), *aff'd by an equally divided Court,* 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853 (1961). Moyles makes the same argument in more concrete terms by insisting his sentence may not be increased after commencement of his prison term. There is no increase, however, when the oral sentence, by a reasonable construction, may be understood as the total years (here, four) later described in writing. Furthermore, the record indicates quite clearly that the term in this case was understood as "four years" by appellant's counsel.

Moyles asserts, in addition, that any ambiguity in the orally pronounced sentence must be construed to impose concurrent, rather than consecutive, terms of imprisonment. He rests on the "presumption ... that unless otherwise stated a sentence imposed on a given count or indictment is concurrent with other federal sentences then imposed or previously imposed." *United States v. Wenger,* 457 F.2d 1082, 1083 (2d Cir.), *cert. denied,* 409 U.S. 843, 93 S.Ct. 44, 34 L.Ed.2d 83 (1972). But appellant ignores that the basis of this presumption:

> seems to be that *if nothing is specifically indicated,* there is no way of knowing whether the sentences are to be concurrent or consecutive, so courts have opted for the shorter sentence, thus placing the burden squarely on the prosecutor and judge to affirmatively suggest and impose the longer sentence.

*Id.* at 1084 [Emphasis added.] Here there was a specific indication that "the last two sentences were to run consecutively ..." To disregard this explicit reference to "consecutive" sentences because it is susceptible to two meanings would be to "indulge in sheer ritual." *Id.* at 1086.

Appellant makes several other arguments including an insistence that the amendments of March 18 constitute an illegal increase from three to four years. These corrections were made immediately upon the judge's discovery of his oversight and created no increase in the oral sentence. We refuse to characterize them as erroneous.

We hold, accordingly, that the ambiguity in the orally pronounced sentence may properly be resolved by resort to the written commitment orders as amended. The order denying appellant's motion is affirmed.