STATE OF NEBRASKA, APPELLEE, V. KENNETH G. SORENSON, APPELLANT.

520 N.W.2d 28

Filed August 2, 1994.    No. A-93-755.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

SIEVERS, Chief Judge, and CONNOLLY and IRWIN, Judges.

IRWIN, Judge.

Kenneth G. Sorenson was charged in an amended information with a multitude of felonies. As the result of a plea agreement, he entered pleas of guilty to the charges contained in the amended information, reflected in the left-hand column below, and admitted being a habitual criminal, as reflected in the right-hand column below, at the same time that he entered his guilty pleas.

| Count I | – Burglary | Count II | – Habitual criminal |
|---|---|---|---|
| Count III | – First degree sexual assault | Count IV | – Habitual criminal |
| Count V | – Use of a knife to commit a felony | Count VI | – Habitual criminal |
| Count VII | – First degree sexual assault | Count VIII | – Habitual criminal |
| Count IX | – Attempted first degree sexual assault | Count X | – Habitual criminal |
| Count XI | – Use of a firearm to commit a felony | Count XII | – Habitual criminal |

Because Sorenson was found to be a habitual criminal, the mandatory minimum prison term for each conviction was 10 years and the maximum possible sentence for each was 60 years. See Neb. Rev. Stat. § 29-2221 (Reissue 1989). Sorenson appeals the sentences imposed.

According to the trial court's journal entry entitled "Judgment and Sentence," Sorenson was sentenced to concurrent prison terms of 35 years on each of counts I, III,

VII, and IX:

> [I]t was the judgment and sentence of the court that defendant be imprisoned in an institution under the jurisdiction of the DEPARTMENT OF CORRECTIONAL SERVICES for a period of Thirty five (35) Years on Burglary, Count I; Thirty five (35) Years as to each Count, Sexual Assault-First Offense, Count III and First Degree Forcible Sexual Assault-First Offense, Count VII; Thirty five (35) Years on Attempted First Degree Sexual Assault, Count IX.
>
> Counts I, III, VII and IX to be served concurrent.

The journal entry indicates that Sorenson was sentenced to serve a 15-year prison term on count XI, to be served consecutively to the concurrent 35-year prison terms. The journal entry also indicates that Sorenson was sentenced to serve a 15-year prison term on count V, to be served consecutively to the 15-year prison term on count XI.

Sorenson argues that the trial judge erred in entering the sentences described above because the judge had pronounced in court what Sorenson contends is a different sentence. In support of his argument, Sorenson directs us to the following colloquy which occurred during the sentencing hearing:

> [The court:] So it will be the sentence of the Court on the four charges: the burglary, the first degree sexual assaults and the attempted sexual assaults, you do 35 years at the Department of Corrections. On each of the two uses, 15 years, consecutive to the four charges, be a total of 50 (sic) years. Credit for 334 days.
>
> [State]: Do you have to give a top number at all then?
>
> THE COURT: No, just 35 plus 15.
>
> [Defense]: Thank you.
>
> (Off-the-record discussion held between the Court, Counsel and the Probation Office.)
>
> [Probation officer]: It would be 35, plus 15, plus 15, be 65.
>
> THE COURT: Yeah. He has to serve the four 35's before he can serve the 15's.

Except for the identities of the speakers, we have set out the colloquy exactly as it appears in the record. The "(sic)"

following the number "50" was apparently inserted by the court reporter who prepared the bill of exceptions.

■ Sorenson argues that the sentence pronounced in court consisted of two groups of concurrent sentences. There is no doubt that Sorenson must first serve the concurrent 35-year prison terms and that the 15-year terms for use of weapons are to be served consecutively to the 35-year terms for the underlying felonies. Citing the trial judge's reference to a total prison term of 50 years, Sorenson argues that according to the sentence pronounced in court, the 15-year terms are to be served *concurrently with each other*. Sorenson argues that because a sentence validly imposed takes effect from the time it is pronounced and a subsequent sentence fixing a different term is a nullity, *State v. Snider*, 197 Neb. 317, 248 N.W.2d 342 (1977) (*overruled on other grounds, State v. Cousins*, 208 Neb. 245, 302 N.W.2d 731 (1981)), the sentence entered in the journal of the trial court calling for the 15-year terms to be served consecutively to each other is a nullity.

■ The State relies on *State v. Foster*, 239 Neb. 598, 605, 476 N.W.2d 923, 927 (1991), in which the court stated: "[T]hat a sentence validly imposed takes effect from the time it is pronounced and a subsequent sentence fixing a different term is a nullity does not mean that a judge may never correct an inadvertent mispronouncement of a sentence."

In *Foster*, the trial judge sentenced the defendant on two convictions, one a felony and the other a misdemeanor. The judge sentenced the defendant to a prison term of 1 year for the felony. For the misdemeanor, the defendant was sentenced to a prison term of 18 months to 5 years. After pronouncing the sentences, the judge asked the prosecutor if anything had been overlooked. The prosecutor suggested to the judge that the sentences were "turned around." *Id*. at 599, 476 N.W.2d at 924. The judge acknowledged the mistake and announced that the longer prison term was the sentence for the felony, while the shorter prison term was the sentence for the misdemeanor. The Nebraska Supreme Court upheld the corrected sentences, stating:

> The facts make it clear that [the trial judge] misspoke and did not intend in this case the sentence he first

pronounced.

> . . . A judgment is rendered when it is both pronounced and some written notation of it is made and filed in the records of the court. [Citations omitted.] [The defendant] has failed to establish that the sentence first pronounced by [the trial judge] in this case was ever "rendered," for there is no showing that any written notation of it was made in the records of the court.

*Id.* at 604-05, 476 N.W.2d at 927.

The *Foster* case establishes the solution to an *inadvertently* pronounced sentence. However, a different framework is necessary for resolving situations such as the one before us, wherein the oral pronouncement of a sentence itself is *ambiguous*. Other jurisdictions facing this issue have held that an appellate court can and should look to the written notation of the judgment to resolve the ambiguity in the orally pronounced sentence. See, *Christensen v. State*, 854 P.2d 675 (Wyo. 1993) (holding that a written judgment and sentence order may be used to clarify an ambiguous oral sentence) (citing *U.S. v. Earley*, 816 F.2d 1428 (10th Cir. 1987)); *Marshall v. State*, 621 N.E.2d 308 (Ind. 1993) (holding that a written judgment and the commitment order is evidence which may be used to determine what sentence was intended where the oral sentence is ambiguous); *David v. U.S.*, 579 A.2d 1172 (D.C. App. 1990) (holding that a written sentence would be referred to in order to resolve the ambiguities in the oral pronouncement); *State v. Munk*, 453 N.W.2d 124 (S.D. 1990) (holding that a written judgment may be relied upon to clarify an ambiguous oral sentence); *State v. Brown*, 150 Wis. 2d 636, 443 N.W.2d 19 (1989) (holding that when there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment, it is proper to look to the written judgment to ascertain the trial court's intention) (citing *United States v. Purcell*, 715 F.2d 561 (11th Cir. 1983)); *State v. Cady*, 422 N.W.2d 828 (S.D. 1988) (concluding that a trial court's sentence need not be set aside or remanded for resentencing where the written judgment clarified the ambiguous oral pronouncements); *Davis v. United States*, 397 A.2d 951 (D.C. App. 1979) (holding that a written sentence

should be referred to in order to resolve the ambiguities in the oral pronouncement) (citing *Green v. United States*, 447 F.2d 987 (9th Cir. 1971), *cert. denied* 405 U.S. 976, 92 S. Ct. 1201, 31 L. Ed. 2d 250 (1972)). See, also, *People v. Horobecki*, 48 Ill. App. 3d 598, 363 N.E.2d 1 (1977) (stating that a remand for resentencing is not required where a review of the record clarifies an ambiguous oral pronouncement). Federal courts have uniformly held that when an orally pronounced sentence is ambiguous, the written judgment may be relied upon to clarify the ambiguity. *Cady, supra.* Accord *United States v. Moyles*, 724 F.2d 29 (2d Cir. 1983). See, also, *U.S. v. Daddino*, 5 F.3d 262 (7th Cir. 1993); *U.S. v. Khoury*, 901 F.2d 975 (11th Cir. 1990); *U.S. v. Villano*, 816 F.2d 1448 (10th Cir. 1987); *Green v. United States, supra*; *Chapman v. United States*, 289 F.2d 539 (5th Cir. 1961).

In *Villano, supra*, the 10th Circuit observed that an ambiguity may take many forms and stated:

> The following include some of the circumstances when an ambiguity may exist:
>
> (1) when the words used have more than one meaning;
>
> (2) when otherwise unambiguous words are used in an unusual way;
>
> (3) the extent of the sentence cannot be ascertained from the language used; or
>
> (4) the plain meaning of the words used lead to an irrational or absurd result.

816 F.2d at 1453 n.6.

In the present case, some might conclude, as apparently the court reporter did, that the judge initially miscalculated the total number of years to be served. These persons would note that the probation officer brought this miscalculation to the court's attention, as is evidenced by his statement in the record. The court's response to the probation officer's statement could be viewed as a correction of that miscalculation.

■ However, others could conclude that after the prompting from the probation officer, the court's pronouncement was still ambiguous regarding the 15-year terms because the court never stated that the two 15-year sentences would be served consecutive to each other as well as to the predicate charges. The Nebraska Supreme Court has held that in imposing a

sentence, the court should state with care the precise terms and the sentence which is imposed. *State v. Temple*, 230 Neb. 624, 432 N.W.2d 818 (1988). It would seem less than arguable to conclude that the court's oral pronouncements of July 29, 1993, were ambiguous. However, the written notation of judgment is unambiguous:

> Thereupon, it was the judgment and sentence of the court that defendant be imprisoned in an institution under the jurisdiction of the DEPARTMENT OF CORREC-TIONAL SERVICES for a period of Fifteen (15) Years on Use of Firearm to Commit Felony, Count XI. Served consecutive to Counts I, III, VII and IX. Fifteen (15) Years on Use of Knife to Commit Felony, Count V, served consecutive to Count XI, at hard labor, no part of which shall be in solitary confinement, and judgment rendered against the defendant for the costs of prosecution.

The written judgment clearly shows that the trial judge intended the weapons charges to be served consecutively to each other.

We conclude that the trial court's sentence need not be set aside or remanded for resentencing because the written judgment makes the oral pronouncement clear, i.e., the sentences on the weapons charges are consecutive to each other as well as to the underlying predicate offenses. Again, this framework is used only when the oral pronouncement is ambiguous. It is not applicable when an unambiguous oral pronouncement conflicts with the written judgment, when an oral pronouncement is inadvertent yet unambiguous, or when the oral pronouncement is silent as to whether multiple sentences are to run consecutively or concurrently.

The judgment of the district court is affirmed.

AFFIRMED.

CONNOLLY, Judge, dissenting.

The majority correctly points out that *State v. Foster*, 239 Neb. 598, 476 N.W.2d 923 (1991), is of no help in this case because it is not possible for us to determine where an inadvertent mispronouncement of sentence might have occurred. In *Foster*, the State drew the trial judge's attention to an obvious mispronouncement of sentence. The judge

acknowledged the mispronouncement on the record and then unequivocally revised the sentences. The sentencing proceedings in the record now before us are not analogous to the proceedings in *Foster*. In the instant case, no one suggested to the judge on the record that there was a mistake in the sentencing of the defendant. We do not know the substance of the sidebar conference immediately following the pronouncement of sentence. I am not willing to say that the trial judge's perfunctory affirmation of the probation officer's statement regarding the defendant's sentence constitutes a definitive correction by the judge of a previous mispronouncement of sentence.

The majority has affirmed on the theory that where an oral pronouncement of sentence is ambiguous, an appellate court may consult the subsequent, written order of judgment and sentence to resolve the ambiguity in the prior oral sentence. I agree that we are presented with an ambiguity in the sentencing of the defendant, but I believe that the majority's approach circumvents the intent of the case law in Nebraska regarding the need for consistency between sentences pronounced in court and sentences entered in the written record.

The majority cites a host of state and federal cases for the proposition that a written sentence and commitment order may be used to clarify an ambiguous oral sentence by providing evidence of what was said from the bench. See, *Christensen v. State*, 854 P.2d 675 (Wyo. 1993); *U.S. v. Earley*, 816 F.2d 1428 (10th Cir. 1987); *U.S. v. Villano*, 816 F.2d 1448 (10th Cir. 1987). I do not find this line of cases persuasive because I do not believe that this proposition of law applies to the defendant's case. In the defendant's case, there is no need to consult the trial court's written order for evidence of what was said from the bench. All the evidence of what was said from the bench is preserved in the bill of exceptions. Furthermore, I am not convinced that the *holdings* of the authorities cited by the majority are apposite to the issue before us.

I do not engage in a review of the authority cited by the majority because none of it is binding on this court. Binding precedent for this court emanates from the Nebraska Supreme Court and the U.S. Supreme Court. I am not aware of a U.S.

Supreme Court ruling on the issue before us, nor do the parties or the majority cite such a ruling. Therefore, on this issue I follow the approach established by the Nebraska Supreme Court.

The majority presents what it calls a new framework for analyzing cases in which the sentence pronounced in court is ambiguous on the matter of whether multiple sentences are to run concurrently or consecutively. We already have a rule in Nebraska for resolving such an ambiguity. My dissent is based on the following proposition of law: Unless specifically stated otherwise when pronounced, multiple sentences imposed at the same time run concurrently with each other. *State v. McNerny*, 239 Neb. 887, 479 N.W.2d 454 (1992); *Stewart v. Delgado*, 231 Neb. 401, 436 N.W.2d 512 (1989); *Culpen v. Hann*, 158 Neb. 390, 63 N.W.2d 157 (1954); *Luke v. State*, 123 Neb. 101, 242 N.W. 265 (1932). See, also, *Perez v. State*, 831 S.W.2d 884 (Tex. App. 1992) (where a defendant is sentenced on the same day in several causes, sentences run concurrently unless the trial court expressly orders them to run consecutively); *Sides v. State*, 480 N.E.2d 572 (Ind. App. 1985) (a defendant subject to multiple sentences will ordinarily serve them concurrently); *State v. Dulski*, 363 N.W.2d 307 (Minn. 1985) (the trial court's failure to specify that the sentence imposed was to be served concurrently with, or consecutively to, a prior sentence meant that the sentence was concurrent); *Hamilton v. Adkins*, 10 Ohio App. 3d 217, 461 N.E.2d 319 (1983) (when a trial court sentences a defendant in a criminal proceeding and there is an ambiguity in the language as to whether the sentences are to be served concurrently or consecutively, the defendant is entitled to have the language construed in his favor so that the sentences may be served concurrently).

The rule long established in Nebraska conforms with common sense. To say that a subsequent, written journal entry clarifies the sentence pronounced in court is to beg the question. In a case such as this, where the bill of exceptions does not clearly indicate what sentence was pronounced in court, a defendant can walk out of court reasonably believing that the court has imposed sentence *x*, the trial court subsequently can enter sentence *y* in the written record, and the State can defuse a

challenge based on the discrepancy between sentences $x$ and $y$ by simply claiming ambiguity and relying on the clearly worded written entry of the sentence. I do not mean to suggest that the trial judge in this case intentionally deceived the defendant during the sentencing hearing and then entered in the written record a sentence more severe than the one pronounced in court. However, I read *State v. McNerny*, 239 Neb. 887, 479 N.W.2d 454 (1992); *State v. Foster*, 239 Neb. 598, 476 N.W.2d 923 (1991); and related Nebraska cases to mean that the burden rests with the trial judge to resolve *on the record during the sentencing hearing* any confusion or ambiguity that he or she might have created in the matter of sentencing.

Although it is not controlling in this court, I find particularly significant the following excerpt from *U.S. v. Villano*, 816 F.2d 1448, 1452-53 (10th Cir. 1987):

> The imposition of punishment in a criminal case affects the most fundamental human rights: life and liberty. Sentencing should be conducted with the judge and defendant facing one another and not in secret. It is incumbent upon a sentencing judge to choose his words carefully *so that the defendant is aware of his sentence when he leaves the courtroom.*

(Emphasis supplied.) In the case at bar, the trial judge initially implied that the 15-year terms were to be served concurrently with each other, and the judge did not at any point in the courtroom proceedings specifically state that the 15-year terms were to be served consecutively to each other. Based on the bill of exceptions before us, I find reasonable the defendant's argument that he left the courtroom believing that the court ordered him to serve concurrently with each other the 15-year sentences for use of a weapon to commit a felony. At the very least, there was an ambiguity, in which case the rule in Nebraska is that multiple sentences are to run concurrently. Therefore, I conclude that the defendant was sentenced in open court to serve the 15-year terms concurrently with each other.

Where there is a conflict between the record of a judgment and a verbatim record of the proceedings in open court, the latter prevails. *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992). Therefore, I would vacate the sentence entered in the

written record and remand this cause to the trial court with directions to enter in the written record a sentence ordering the defendant to serve the 15-year terms concurrently with each other.