STATE OF NEBRASKA, APPELLEE, V. KENNETH G. SORENSON, APPELLANT.

529 N.W.2d 42

Filed March 10, 1995.   No. S-93-755.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Delores Coe–Barbee for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

WRIGHT, J.

We granted the petition for further review of the appellant, Kenneth G. Sorenson. The Nebraska Court of Appeals affirmed the sentences imposed by the Douglas County District Court, finding that the oral pronouncement of sentence was ambiguous, but that the oral pronouncement was clarified by the written journal entry which set forth the sentences.

## SCOPE OF REVIEW

When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning. In the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning. *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992).

It is a fundamental principle of statutory construction that penal statutes are to be strictly construed. *Id.*

## FACTS

Sorenson pled guilty to six felonies, including one count of burglary, two counts of first degree sexual assault, one count of attempted first degree sexual assault, one count of use of a knife to commit a felony, and one count of use of a firearm to commit

a felony. Because Sorenson was found to be a habitual criminal, the mandatory minimum prison term for each conviction was 10 years and the maximum possible prison term for each conviction was 60 years. See Neb. Rev. Stat. § 29–2221 (Reissue 1989).

On direct appeal, Sorenson asserted that the trial court erred in rendering upon the court journal a different sentence than that pronounced by the judge in open court. His claim was based in part on the following colloquy which took place at the sentencing hearing:

[The court:] So it will be the sentence of the Court on the four charges: the burglary, the first degree sexual assaults and the attempted sexual assaults [sic], you do 35 years at the Department of Corrections. On each of the two uses, 15 years, consecutive to the four charges, be a total of 50 (sic) years. Credit for 334 days.

[State]: Do you have to give a top number at all then?

THE COURT: No, just 35 plus 15.

[Defense]: Thank you.

(Off–the–record discussion held between the Court, Counsel and the Probation Office[r].)

[Probation officer]: It would be 35, plus 15, plus 15, be 65.

THE COURT: Yeah. He has to serve the four 35's before he can serve the 15's.

The written journal entry of the trial court states in part:

Thereupon, it was the judgment and sentence of the court that defendant be imprisoned in an institution under the jurisdiction of the DEPARTMENT OF CORRECTIONAL SERVICES for a period of Thirty[–]five (35) Years on Burglary, Count I; Thirty[–]five (35) Years as to each Count, Sexual Assault–First Offense, Count III and First Degree Forcible Sexual Assault–First Offense, Count VII; Thirty[–]five (35) Years on Attempted First Degree Sexual Assault, Count IX.

Counts I, III, VII and IX to be served concurrent.

Credit for time served of Three hundred thirty[–]four (334) days shall be given against sentences imposed on

Count I, Count III, Count VII, Count IX.

Thereupon, it was the judgment and sentence of the court that defendant be imprisoned in an institution under the jurisdiction of the DEPARTMENT OF CORRECTIONAL SERVICES for a period of Fifteen (15) Years on Use of Firearm to Commit Felony, Count XI. Served consecutive to Counts I, III, VII and IX. Fifteen (15) Years on Use of Knife to Commit Felony, Count V, served consecutive to Count XI, at hard labor, no part of which shall be in solitary confinement, and judgment rendered against the defendant for the costs of prosecution.

## ASSIGNMENTS OF ERROR

In his petition for further review, Sorenson assigns as error the Court of Appeals' finding that the oral pronouncement of sentence was ambiguous and the Court of Appeals' affirmance of sentences which were never pronounced in open court.

## ANALYSIS

The Court of Appeals found that the trial court's oral pronouncement of the sentences on July 29, 1993, was ambiguous, but that no remand for resentencing was necessary because the written notation of the judgment clarified the oral pronouncement. The Court of Appeals stated: "There is no doubt that Sorenson must first serve the concurrent 35-year prison terms and that the 15-year terms for use of weapons are to be served consecutively to. the 35-year terms for the underlying felonies." *State v. Sorenson*, 2 Neb. App. 998, 1001, 520 N.W.2d 28, 29 (1994).

Because the written notation clearly shows that the trial judge intended the sentences for the weapons charges to be served consecutively to each other, the Court of Appeals concluded that the sentences need not be set aside or remanded for resentencing. The Court of Appeals held that a subsequent written notation may be relied upon to clarify an ambiguity in the oral pronouncement of a sentence. The Court of Appeals stated that

> this framework is used only when the oral pronouncement is ambiguous. It is not applicable when an unambiguous oral pronouncement conflicts with the written judgment,

when an oral pronouncement is inadvertent yet unambiguous, or when the oral pronouncement is silent as to whether multiple sentences are to run consecutively or concurrently.

*Id.* at 1004, 520 N.W.2d at 31.

Generally, the rule in Nebraska is that unless specifically stated otherwise when pronounced, multiple sentences imposed at the same time run concurrently with each other. *State v. McNerny,* 239 Neb. 887, 479 N.W.2d 454 (1992). Here, the bill of exceptions does not clearly indicate whether the sentences for use of a knife to commit a felony and use of a firearm to commit a felony were to be served consecutively or concurrently. We agree with the Court of Appeals' finding that the oral pronouncement of sentence was ambiguous. However, this is not decisive of the case before us.

Although it is within the trial court's discretion to direct that sentences imposed for separate crimes be served consecutively, *State v. Haynie,* 239 Neb. 478, 476 N.W.2d 905 (1991), Neb. Rev. Stat. § 28–1205 (Reissue 1989) does not permit such discretion in sentencing. Section 28–1205 provides:

(1) Any person who uses a firearm, knife, brass or iron knuckles, or any other deadly weapon to commit any felony which may be prosecuted in a court of this state, or any person who unlawfully possesses a firearm, knife, brass or iron knuckles, or any other deadly weapon during the commission of any felony which may be prosecuted in a court of this state commits the offense of using firearms to commit a felony.

(2) Use of firearms to commit a felony is a Class III felony.

(3) The crime defined in this section shall be treated as a separate and distinct offense from the felony being committed, and sentences imposed under the provisions of this section shall be consecutive to any other sentence imposed.

When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning. In the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning. *State v.*

*Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992). It is a fundamental principle of statutory construction that penal statutes are to be strictly construed. *Id.*

In *State v. Stratton*, 220 Neb. 854, 374 N.W.2d 31 (1985), we held that § 28-1205(3) mandates that the sentencing court require a sentence for the use of a firearm in the commission of a felony be served consecutively to any other sentence imposed. "[T]he use of the word 'shall' in § 28-1205(3) mandates consecutive sentencing." *Stratton*, 220 Neb. at 857, 374 N.W.2d at 34.

Subsequently, in *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988), the defendant was convicted of second degree murder, attempted second degree murder, first degree assault, and three counts of use of a firearm to commit a felony. For the crime of use of a firearm in the murder, the district court sentenced Trevino to 3 years' imprisonment, which was to be served consecutively to his sentences for murder, attempted murder, and assault. For the crime of use of a firearm in the attempted murder, the district court sentenced Trevino to 3 years' imprisonment to be served consecutively to all the above sentences. For the crime of use of a firearm in the assault, Trevino received an additional 3-year sentence to be served consecutively to all the above sentences.

Trevino was given consecutive sentences for use of a firearm in the commission of two separate felonies committed upon one victim. In *Trevino*, we held that § 28-1205 mandates a separate sentencing for each instance of use of a firearm to commit a felony. "The jury having found Trevino guilty of both of the distinct predicate offenses of attempted second degree murder and first degree assault, the consecutive sentences imposed by the district court are supported by the law and the evidence, and mandated by the language of § 28-1205." *Trevino*, 230 Neb. at 521, 432 N.W.2d at 522.

In this case, § 28-1205 applies to two separate convictions: use of a knife to commit a felony and use of a firearm to commit a felony. Each charge for use of a weapon to commit a felony is treated as a separate and distinct offense for which the sentence shall be served consecutively to any other sentence. Therefore, Sorenson's sentence of 15 years for count XI, use of

a firearm to commit a felony, must be served consecutively to his sentences for counts I, III, VII, and IX. His sentence of 15 years for count V, use of a knife to commit a felony, must be served consecutively to the sentence for count XI, use of a firearm to commit a felony.

To the extent that it did not impose consecutive sentences for use of a firearm to commit a felony and use of a knife to commit a felony, the oral pronouncement was invalid. The written notation upon the journal of the court correctly sets forth the sentences which must be imposed in order to comply with § 28–1205. The judgment of the Court of Appeals is affirmed as modified.

AFFIRMED AS MODIFIED.

CONNOLLY, J., not participating.