104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Richard DINOME, Defendant,
Henry Borelli, Defendant-Appellant.
 No. 96-1173.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 Henry Borelli, pro se, Leavenworth, KS.
 Jennifer Moore and Nancy J. Northup, Assistant United States Attorneys, Southern District of New York, New York, NY.
 Present: FEINBERG, CARDAMONE, McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 After a five and a half-month trial in the United States District Court for the Southern District of New York (Duffy, J.), Henry Borelli, represented by counsel, was convicted of fifteen counts of transporting stolen automobiles in interstate commerce, in violation of 18 U.S.C. § 2314, and one count of a violation of 18 U.S.C. § 241 (conspiracy to deprive rights guaranteed by the Constitution or laws of the United States), for the murders Ronald Falcaro and Khaled Fahd Darwish Daoud.
 
 
 4
 At sentencing on April 9, 1986, Judge Duffy orally pronounced the following sentence:
 
 
 5
 You have been convicted of being what is generally called a contract killer. The judgment of this court is that on [the murder count] you will be remanded to the custody of the Attorney General for the rest of your life and that on the [fifteen counts of transporting stolen goods in interstate commerce], that you be sentenced to ten years imprisonment. I am recommending against parole. I want to make sure that the parole board knows it. The sentence of years is to be consecutive to the life sentence.
 
 
 6
 On the same day he pronounced sentence, Judge Duffy issued a written order of judgment and commitment, stating:
 
 
 7
 LIFE on Count 4 [the murder count]
 
 
 8
 TEN (10) YEARS on each of counts 31-38, to run CONSECUTIVELY to each other and to run CONSECUTIVELY to count 4
 
 
 9
 TEN (10) YEARS on each of counts 40-46, to run CONSECUTIVELY to each other and to run CONSECUTIVELY to counts 31-38
 
 
 10
 Borelli appealed his conviction, arguing in part that the judge: (1) erroneously instructed the jury that proof of citizenship of the victims was not a necessary element of a violation of 18 U.S.C. § 241; and (2) "mechanistically" imposed the sentence of 150 years on the transportation of stolen goods counts. We reversed Borelli's conviction under 18 U.S.C. § 241 due to the government's failure to prove that the victims were citizens of the United States, and vacated his life sentence. We affirmed the convictions on the fifteen counts of violation of 18 U.S.C. § 2314, and the sentence of 150 years. United States v. Borelli, 811 F.2d 47 (2d Cir.1987).
 
 
 11
 Borelli filed two subsequent challenges to his sentence of 150 years, first by a motion under Rule 35 of the Federal Rules of Criminal Procedure, and then by a petition under 28 U.S.C. § 2255. In both instances, Borelli acknowledged that he had been sentenced to 150 years.
 
 
 12
 On December 18, 1995, Borelli filed a motion under Rules 36 and 43 of the Federal Rules of Criminal Procedure, arguing that Judge Duffy should correct the April 9, 1986 written order of judgment and commitment to comport with the sentence imposed orally. Borelli argued that there was a conflict between Judge Duffy's oral pronouncement and his written order. Borelli argues that he was sentenced orally to ten years for the fifteen counts of violation of 18 U.S.C. § 2314, but Judge Duffy changed the sentence on the written order to 150 years. Judge Duffy denied the motion.
 
 
 13
 Borelli appeals, arguing that when an orally pronounced sentence is in direct conflict with a written order of judgment and conviction, the oral pronouncement controls.
 
 
 14
 1. Rule 36 Motion. While it is true that a material variance between an unambiguous orally imposed sentence and a written order of judgment and commitment is controlled by the terms of the orally pronounced sentence, see United States v. Marquez, 506 F.2d 620, 622 (2d Cir.1974), here there is no material variance, but, at most, an ambiguity in Judge Duffy's oral sentence. An order of judgment and commitment may serve to clarify ambiguities in orally pronounced sentences. See United States v. Pugliese, 860 F.2d 25, 30 (2d Cir.1988) (no conflict when oral sentence silent as to whether it was to be served consecutive to or concurrent with an earlier sentence, and a written order making sentence consecutive), cert. denied, 489 U.S. 1067 (1989); United States v. Moyles, 724 F.2d 29, 30-31 (2d Cir.1983) (no conflict when oral sentence silent as to whether two consecutive sentences were to be served consecutively to a third and a written order stating that all three would be served consecutively). Here, Judge Duffy's written order makes abundantly clear that he intended to impose a sentence of 10 years for each of the fifteen counts of violation of 18 U.S.C. § 2314, each to run consecutively to the other. The district court properly denied Borelli's Rule 36 motion.
 
 
 15
 2. Rule 43 Motion. Liberally interpreted, Borelli's motion under Rule 43 of the Federal Rules of Criminal Procedure is based on an argument that Judge Duffy's written order illegally increased Borelli's sentence after Borelli commenced his prison term. "There is no increase, however, when the oral sentence, by reasonable construction, may be understood as the total years ... later described in writing." Moyles, 724 F.2d at 31. Furthermore, the record clearly indicates that Borelli and his counsel understood Borelli's term to be 150 years, as indicated in his direct appeal, and subsequent Rule 35 motion and § 2255 petition. See id. The district court properly denied Borelli's Rule 43 motion.
 
 
 16
 We have considered all of the arguments raised by Borelli, and find them to be without merit.
 
 
 17
 Accordingly, the decision of the district court is AFFIRMED.