17-2598-cr
United States v. Levy

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand eighteen.

PRESENT:   PETER W. HALL,
              GERARD E. LYNCH,
                    *Circuit Judges,*
              WILLIAM F. KUNTZ,
                    *District Judge.*[*]

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

              *Appellee,*

        v.                                    No. 17-2598-cr

GEORGE LEVY,

              *Defendant-Appellant.*

-----------------------------------------------------------------------
FOR APPELLANT:               Matthew B. Larsen, Federal Defenders of New York Appeals Bureau, New York, New York.

FOR APPELLEE:               Emily Berger and Ian C. Richardson, Assistant United States Attorneys, *for* Richard P. Donoghue, United

---

[*] Judge William F. Kuntz, of the United States District Court for the Eastern District of New York, sitting by designation.

States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the special condition of supervised release whereby the district court delegated to the Probation Department the decisionmaking authority to impose a curfew upon Defendant-Appellant George Levy is **STRICKEN**, and the judgment of the district court is **AFFIRMED** in all other respects.

We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

Levy pled guilty to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court accepted Levy's plea and sentenced him to 70 months' imprisonment and three years' supervised release. The following discourse took place at sentencing:

> THE COURT: You are to have no guns during supervised release, no drugs, except by prescription, and nothing to do with criminals. You want anything else, Probation?
> MS. MALKO: (No response.)
> THE COURT: Does Probation want any other conditions?
> MS. MALKO: Yes. There's a search condition.
> THE COURT: They can search you and your house or place of business without notice, and you have to give them accurate information when they ask for it. You understand?
> THE DEFENDANT: Yes.
> THE COURT: *They tell you you have to stay home at a certain hour or curfew, you have to obey.* You understand?
> THE DEFENDANT: Yes.

2

> THE COURT: Anything else?
> MS. MALKO: No, Your Honor.
> MS. EISNER-GRYNBERG: Judge, just to clarify, that search condition would require a reasonable suspicion on the part of the probation officer?
> THE COURT: Yes.

J. App'x at 22 – 23 (emphasis added). The italicized sentence (the "special condition"), which forms the basis for this appeal, is not reflected in the written judgment. J. App'x at 24 – 29. Levy's attorney did not object to the special condition at the time of sentencing.[1]

"[W]e have employed a 'relaxed' form of plain error review in those rare cases in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). It is well-established in this Circuit that "a district court may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *Id.* at 122; *accord United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001).

The government agrees that "the curfew condition should be vacated," but argues that the condition "is ambiguous," Gov't Br. at 7, such that a remand is necessary "for the limited purpose of reconsidering the curfew condition as a special condition of supervised release," *Id.* at 12. But the government reads ambiguity into the district court's clear statement that Levy could be confined *if* the probation officers decided to impose a curfew.

---

[1]      Although the condition is omitted from the written judgment, it is well established that the terms of the orally-pronounced sentence, which was imposed on the record in the defendant's presence, is controlling. *See United States v. Moyles*, 724 F.2d 29, 30 (2d Cir. 1983) ("[A] variance between an orally imposed sentence and a commitment order must be controlled by the terms of the pronounced sentence.").

Accordingly, we **STRIKE** the special condition that delegated to the Probation Department the decision making authority to impose a curfew upon Levy and **AFFIRM** the judgment of the district court in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court